IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cr-30165-SMY |
| | ) |
| THEODORE J. LONGUST, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Theodore J. Longust pleaded guilty to one count of financial institution fraud, four counts of misapplication of credit union funds, three counts of money laundering, and one count of false report to credit union. He was sentenced to 121 months' imprisonment on November 8, 2016 (Docs. 26, 31). Now pending before the Court is Molina's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 64). The Government does not oppose the motion. *Id.*

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Here, the parties agree that Longust is eligible for a reduction under Part B, subpart 1 of Amendment 821 as he has zero criminal history points.

Longust's total offense level at sentencing was 32 and his criminal history category was I, which yielded a Guidelines sentencing range of 121-151 months imprisonment. He was sentenced to 121 months. Under Amendment 821, Longust's total offense level is reduced from 32 to 30, resulting in a lowered Guidelines range of 97-121 months.

The Court agrees that Longust is eligible for a reduction. Having also considered the applicable factors under 18 U.S.C. § 3553(a), the Court **GRANTS** the motion (Doc. 64) and reduces Longust's sentence from 121 to 97 months' imprisonment effective on February 1, 2024. The Court attaches its standard order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

**DATED: February 1, 2024**

**STACI M. YANDLE**
**United States District Judge**